IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARIO WILSON, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 2:14-cv-02611-STA-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER TRANSFERRING MOTION FOR RECONSIDERATION
TO THE SIXTH CIRCUIT COURT OF APPEALS
AS A SECOND OR SUCCESSIVE PETITION

Before the Court is Petitioner Mario Wilson's motion for reconsideration of the Court's orders denying relief under 28 U.S.C. § 2255. (ECF No. 16) For the reasons that follow, the motion is **TRANSFERRED** to the Sixth Circuit Court of Appeals as a second or successive petition.

On August 6, 2014, Petitioner, Mario Wilson, filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence ("Petition"). (ECF No. 1.) He subsequently filed a motion to amend the Petition to add a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and a second motion to amend to add additional claims. (ECF Nos. 3 and 8.) By order dated July 20, 2017, the Court denied the motion to amend to add a *Johnson* claim, and directed Petitioner to show cause why the Petition should not be denied as untimely and for failure to state a claim. (ECF No. 9.)

Wilson thereafter filed a response to the show-cause order. (ECF No. 11.) On September 11, 2017, the Court denied the second motion to amend on the grounds that amendment would be

futile, and dismissed the Petition as untimely and for failure to state a claim. (ECF No. 12 at 5 & n.1, 7.) Judgment was entered the same day. (ECF No. 13.)

Petitioner filed a notice of appeal on October 13, 2017. (ECF No. 14.) On May 11, 2018, he filed in the district court his motion for reconsideration. (ECF No. 16.) On May 30, 2018, the United States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability. (ECF No. 17.)

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. Nevertheless, courts normally construe such motions as motions to alter or amend a judgment under Rule 59(e). *See e.g., In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013); *Bohannon v. Baptist Mem'l Hosp.-Tipton*, No. 08-2220-STA, 2010 WL 2569285, at *2 (W.D. Tenn. June 21, 2010). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Wilson filed his motion several months after entry of judgment. "A motion for reconsideration, filed outside the time permitted under Fed. R. Civ. P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)." *Donaldson v. Cent. Michigan Univ.*, 109 F. App'x 15, 17 (6th Cir. 2004).

Although much of the motion is confusing, several arguments are sufficiently cogent to apprise the Court of Petitioner's purpose in seeking post-judgment relief. Wilson's primary argument is related to the Supreme Court's recent "resolution of the residual clause question" in *Sessions v. DiMaya*, 138 S. Ct. 1204 (2018). (*Id.* at 1, 2.) He argues that *DiMaya* entitles him to relief from the enhancement of his sentence under 18 U.S.C. § 924(e)(1) ("ACCA"). The Court also construes the motion as asserting that Wilson's attorney rendered ineffective assistance by failing to anticipate the ruling in *DiMaya*. (*Id.* at 3.) Petitioner also challenges his conviction on

2

the basis of "newly discovered evidence that if proven [and] viewed in light of the evidence as a whole would be sufficient to establish by clear [and] convincing evidence that no reasonable fact finder would have found [him] guilty of the offense." (*Id.* at 2.)

All of these arguments are new collateral attacks on Petitioner's conviction. The motion is therefore a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a Rule 60 motion is a second or successive habeas petition where it "seeks to add a new ground for relief"). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Wilson has not yet obtained authorization from the appellate court to file his new claims.

Petitioner's motion is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that districts courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  June 13, 2018.